Filed 6/30/26  P. v. Robinson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>LARRY WAYNE ROBINSON,<br><br>  Defendant and Appellant. | F089957<br><br>(Super. Ct. No. PCF397760)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, David A. Lowe and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*  Before Hill, P. J., Detjen, J. and Meehan, J.

## INTRODUCTION

This case returns on appeal after appellant Larry Wayne Robinson was resentenced in May 2025. The trial court reimposed an upper term sentence based on aggravating circumstances originally found true by the trial court. Shortly after resentencing, the California Supreme Court decided *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*), which clarified the scope of the prior conviction exception to the federal Constitution's Sixth Amendment right to a jury trial as to every fact that increases a penalty for a crime beyond the prescribed statutory maximum. Absent a waiver of the jury trial right or a stipulation, factors such as the increasing seriousness of prior convictions or a defendant's unsatisfactory performance on probation must be found by a jury, not a judge. (*Wiley, supra*, at pp. 1082–1083.)

The Attorney General concedes resentencing is required under *Wiley* because the trial court imposed an upper term sentence based on aggravating circumstance findings to which a Sixth Amendment jury trial right attached. As appellant did not personally waive his jury trial right with respect to those factors, their consideration constitutes a Sixth Amendment violation. The Attorney General concedes improper consideration of these factors was prejudicial under a *Chapman*[1] analysis.

Pursuant to *Wiley*, we accept the Attorney General's concessions. The sentence is vacated, and we remand for a full resentencing consistent with this opinion.

## FACTUAL BACKGROUND

Based on two separate incidents in May 2020, appellant was charged with two felony counts of making criminal threats against T.C., his former girlfriend (§ 422; counts 1, 3); one felony count of making a criminal threat against J.S., another woman (§ 422; count 4); two misdemeanor counts of contempt of court by violating a protective order issued pursuant to section 136.2 (§ 166, subd. (c)(1); counts 2, 5); one misdemeanor

---

[1] *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*).

count of resisting or obstructing a peace officer (§ 148, subd. (a)(1); count 6); and one misdemeanor count of possessing drug paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 7). As to counts 1, 3, and 4, the information alleged defendant suffered seven prior felony convictions within the meaning of section 1203, subdivision (e)(4); and suffered a prior conviction under section 422, qualifying as a prior strike offense within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction within the meaning of section 667, subdivision (a)(1). As to counts 3 and 4, the information also alleged defendant personally used a deadly weapon within the meaning of section 12022, subdivision (b)(1), during the incident of May 12, 2020

Following trial on these charges, a jury convicted appellant on all counts, but found not true that defendant personally used a deadly weapon as to counts 3 and 4. In a bifurcated proceeding, the trial court found appellant suffered a prior conviction for violation of section 422, qualifying as a strike. The court also determined appellant suffered six prior felony convictions for purposes of section 1203, subdivision (e)(4).

The trial court found no factors in mitigation, but found at least five factors in aggravation, articulated as follows:

> "I adopt the findings of aggravation—in aggravation listed by probation.
>
> "[1.] [Appellant] was convicted of other crimes for which consecutive sentences could have been imposed but for which a concurrent sentence will be imposed.
>
> "[2.] I find that he has engaged in violent conduct which indicates a serious danger to society. There are many times when criminal threats cases are obviously just words, and so I am always aware of taking a close look—the importance of taking a close look to see whether there are good reasons to take someone's word seriously, and [appellant] has not just made threats in these cases and previously, but he has acted out conduct that gives me reason to believe that there is a reason to believe him when he says he might do things like this. [¶] So I find that he does pose a danger, his age notwithstanding.

"[3.] His prior convictions are numerous.

"[4.] He was on mandatory supervision and summary probation when the current offenses were committed.

"[5.] His prior performance on probation, parole and mandatory supervision have all been unsatisfactory."

Beyond these circumstances identified by the probation officer, and before pronouncing sentence, the trial court further commented: "[6.] There are crimes of violence on more than one occasion; threats of violence on more than one occasion in this case."

Defendant was sentenced to an aggregate determinate term of 12 years 4 months. The trial court imposed the upper term of three years on count 1 (§§ 422, 1170, subd. (h)(1)), doubled to six years for the prior strike (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)). On count 3, the trial court imposed eight months (one-third the two-year middle term), doubled to 16 months for the prior strike (§ 667, subd. (e)(1)), to be served consecutive to count 1 (§ 1170.12, subd. (a)(6)). On count 4, the court imposed the upper term of three years (§§ 422, 1170, subd. (h)(1)), doubled to six years for the prior strike (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), to be served concurrent with count 1. The court also imposed an additional five years for the prior serious felony conviction enhancement (§ 667, subd. (a)). No time was imposed on the misdemeanor counts 2, 5, 6, and 7.[2]

A panel of this court affirmed the judgment (*People v. Robinson* (Sept. 8, 2022, F082378,) [nonpub. opn.]) (*Robinson I*), but upon review granted by our Supreme Court, the matter was transferred back to us for reconsideration of the opinion pursuant to *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*). Upon reconsideration, this court struck

---

[2] These current offenses were committed while appellant was on mandatory supervision after pleading no contest to a violation of section 273.6, subdivision (d), and receiving a two-year split sentence under section 1170, subdivision (h). At the sentencing hearing, appellant's mandatory supervision was terminated, and he was ordered to serve concurrently the time remaining on his previously imposed two-year sentence.

three of the six sentencing factors pursuant to *Lynch* as improperly considered, vacated appellant's sentence due to prejudicial error, remanded for a full resentencing, but otherwise affirmed the judgment. (*People v. Robinson* (Dec. 27, 2024, F082378,) [nonpub. opn.] (*Robinson II*).)

Upon resentencing, the trial court commented the "aggravating factors that were found true originally that remain valid at this point [after appeal] are [(1)] three concurrent sentences being imposed where a consecutive sentence could have been imposed[;] [¶] [(2)] [appellant's] prior record which was based on the … rap sheet[;] and [(3)] the fact of prior or current acts of violence or threats of violence the court found true …." The court characterized the "primary aggravating factor" to be "the length, nature of [appellant's] criminal record."

Based upon these factors, the court imposed the upper term of six years on count 1; a consecutive 16-month term (one-third the middle term) on count 3; and a concurrent four-year middle term on count 4. The court also imposed a consecutive five years for the prior serious felony conviction enhancement under section 667, subdivision (a). No time was imposed on the other counts. Appellant did not personally waive his jury trial right with respect to the sentencing factors.

Following resentencing, the California Supreme Court decided *Wiley*. In *Wiley*, consistent with the United States Supreme Court's recent decision in *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*), the court held that under the federal Constitution's Fifth and Sixth Amendments, "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Wiley, supra*, 17 Cal.5th at p. 1086, fn. omitted.)

Appellant appeals from the resentencing, arguing that the aggravating circumstance findings did not authorize imposition of the upper term on count 1.

## DISCUSSION

### I. Parties' Arguments

#### A. Appellant's Arguments

Appellant makes a variety of arguments challenging the aggravating circumstances findings supporting the upper term imposed on count 1. Citing the text of section 1170, subdivision (b)(2) and (3), he argues the first aggravating circumstance (consecutive sentences could have been imposed, but were not) under California Rules of Court, rule 4.421(a)(7)[3] is predicated on an act of judicial sentencing discretion, for which there is no exception under section 1170, subdivision (b) (section 1170(b)), not an admission by a defendant or a finding by a jury. Moreover, appellant argues, even if this remained an appropriate sentencing factor under the amended determinate sentencing law, its application here is arbitrary and capricious because it resulted in a lengthier sentence than if no concurrent sentence was imposed.

Appellant characterizes the second and third aggregating factors as a single factor related to the nature of his prior and current convictions as involving crimes of violence or threats of violence. Appellant maintains this factor was not established properly because, other than the 2010 conviction under section 422, it was based on a rap sheet rather than a certified record of conviction as required under section 1170(b)(3). Additionally, appellant contends, his current convictions under section 422 and the prior 2010 conviction under section 422 cannot be violated without making a threat of violence, thus an element of the current offenses (and one of the prior offenses) was used to impose an aggravated term. Appellant argues this violates well-settled authority holding that a circumstance that is an element of the substantive offense cannot be used as a factor in aggravation. (See, e.g., *People v. Wilks* (1978) 21 Cal.3d 460, 470 [a circumstance which is an element of the substantive offense cannot be used as a factor in

---

[3] Further references to rules are to the California Rules of Court.

6.

aggravation]; see also rule 4.420(h) ["[a] fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term"].)

Moreover, appellant argues, the 2010 section 422 conviction was already used to impose the prior serious felony enhancement under section 667, subdivision (a), and considering it again to impose an aggravated sentence is impermissible dual use of this conviction under section 1170(b)(5).

Finally, in a footnote, appellant argues that even if this aggravating circumstance factor could be split into a separate aggregating circumstance regarding the numerosity of appellant's prior convictions, under *Wiley* only the bare fact of a prior conviction can be determined by the trial court. Appellant maintains a finding that prior convictions are numerous must be submitted to a jury.

### B. Attorney General's Arguments

The Attorney General construes appellant's brief as targeting the upper term sentence because the court failed to obtain his personal waiver of the right to a jury trial on the aggravating circumstances. The Attorney General maintains the second and third aggravating circumstances (dealing with the length and nature of appellant's criminal record, which appellant characterizes as one factor) require factual findings outside the scope of the prior conviction exception under section 1170(b)(3), as articulated in *Wiley*, and the failure to obtain appellant's personal jury trial waiver on those factors was prejudicial. On this basis, the Attorney General concedes remand for resentencing is required. In light of this concession, the Attorney General does not address appellant's remaining contentions, including appellant's challenge to the first aggravating factor.

## II. No Personal Waiver of Jury Trial Right at Resentencing

### A. Legal Principles

As amended effective January 1, 2022, California's determinate sentencing law under section 1170(b) now provides as follows in relevant part:

"(b) [¶] (1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bfurcated allegations until there has been a conviction of a felony offense.

"(3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions."

The federal Constitution's Sixth Amendment provides that those accused of a crime have the right to a trial by an impartial jury. (U.S. Const., 6th Amend.) "'This right, in conjunction with the [Fifth Amendment's] Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt.'" (*Lynch, supra*, 16 Cal.5th at p. 742.) This includes any fact, beyond the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum. (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490.) Thus, under California's determinate sentencing law, "any fact, beyond the bare fact of a prior conviction, that exposes a defendant to harsher punishment, must be found by a jury beyond a reasonable doubt, unless the defendant stipulates to its truth or waives a jury trial…. Only when aggravating facts have been proven as the Constitution requires may the court then rely on them to conclude, in its discretion, that those facts justify an upper term." (*Wiley, supra*, 17 Cal.5th at p. 1084.)

In *Wiley*, our high court addressed whether certain aggravating circumstance findings made under section 1170(b)(3) come within the scope of the jury trial right exception for prior convictions recognized in *Almendarez-Torres v. United States* (1998) 523 U.S. 224 (*Almendarez-Torres*). *Wiley* explained that the exception to the federal constitutional right to a jury trial for "'the fact of a prior conviction' has long been recognized" under the United States Supreme Court's jurisprudence. (*Wiley, supra*, at 17 Cal.5th at p. 1079, quoting *Apprendi v. New Jersey, supra*, 530 U.S. at p. 490 & citing *Almendarez-Torres, supra*, at pp. 243–244.) *Wiley* addressed "just how broadly the concept of 'the fact of a prior conviction' is to be understood and the extent of the *Almendarez-Torres* exception." (*Wiley, supra*, at p. 1079.) *Wiley* examined this question under *Erlinger*, a recent United States Supreme Court decision. In *Erlinger*, the high court considered a trial court's authority to find whether a defendant's convictions had occurred on separate occasions. The high court described the *Almendarez-Torres* prior conviction exception as narrow, and one that permitted judges to find only the fact of a prior conviction: "Under that exception, a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.'" (*Erlinger, supra*, 602 U.S. at p. 838.) The high court observed that determining whether offenses were committed on different occasions may be a "fact-laden task" involving whether the offenses were committed close in time, location, and whether they were intertwined in purpose and character. (*Id.* at pp. 834, 835.) Thus, in determining whether convictions occurred on separate occasions, the high court observed the trial court would have to "do more than identify [the defendant's] previous convictions and the legal elements required to sustain them," which is "more than *Almendarez-Torres* allows." (*Id.* at pp. 838–839.)

Based on the principles and reasoning articulated in *Erlinger*, the court in *Wiley* concluded that an aggravating circumstance finding that the defendant's prior convictions are of increasing seriousness, and that the defendant's performance on probation had

9.

been unsatisfactory requires a jury determination as to their truth. (*Wiley, supra*, 17 Cal.5th at p. 1082.) Determining the increasing seriousness of a prior conviction requires a "qualitative assessment of the offenses' 'time, location, character, and purpose.'" (*Id.* at p. 1083, quoting *Erlinger, supra*, 602 U.S. at p. 840.) As to performing unsatisfactorily on probation, that could involve consideration of evidence of misconduct that was not previously adjudicated in a criminal trial; and it would also involve proving the defendant was ordered to serve a term of probation and remained on probation at the time of the new offense. (*Wiley, supra*, at p. 1083.) Thus, this determination involved "circumstances clearly go[ing] beyond the fact of prior conviction and its elements." (*Ibid.*)

### B.    Analysis

At the resentencing hearing, the trial court found three aggravating circumstances remained valid based on our opinion in *Robinson II*, and reimposed an upper term on count 1 based on these circumstances: (1) a concurrent sentence was imposed where consecutive sentences could have been imposed (rule 4.421(a)(7)); (2) appellant's prior record based on a rap sheet (rule 4.421(b)(2)); and (3) the "fact of prior or current acts of violence or threats of violence" (rule 4.421(c)).

Understood in the context of *Robinson II* and the trial court's original aggravating-circumstance findings, the trial court's reference to appellant's prior record as one of the *three* sentencing factors not stricken in *Robinson II* related to the *numerosity* of appellant's prior convictions—consistent with the trial court's original findings. In commenting that these sentencing factors remained, the trial court separated the numerosity factor from a third sentencing factor regarding the *nature* of appellant's prior and current convictions as involving multiple crimes of violence and multiple threats of

violence. In *Robinson II*, we construed this latter factor as encompassed under rule 4.421(c), the "catchall" residual factor.[4]

Regarding the numerosity of appellant's prior offenses and the nature of appellant's prior and current offenses, the Attorney General maintains these two factors do not come within the prior conviction exception as articulated in *Wiley* because they are outside the "bare fact" of a prior conviction. (*Wiley, supra*, 17 Cal.5th at p. 1086.) In the absence of appellant's personal waiver of his jury trial right or his admission to these sentencing factors, the Attorney General concedes their truth was subject to a jury determination. According to the Attorney General, the inquiry into numerosity (similar to the increasing seriousness inquiry that was addressed in *Wiley*) and the inquiry into whether prior offenses constituted violent crimes "involves something more than a narrow factual finding that the convictions were sustained and what elements were required to prove them." (*Id.* at p. 1082.)

We accept the Attorney General's concession under *Wiley*. Although the law is still developing, the numerosity of prior convictions is a factor for which a jury trial right under *Wiley* has been recognized. (See, e.g., *People v. Wright* (2025) 113 Cal.App.5th 832, 847 [recognizing the defendant was entitled to a trial by jury on the aggravating factor of whether he had suffered numerous prior convictions].) As to the nature of appellant's prior convictions as involving crimes of violence, appellant has suffered prior

---

[4]     In doing so, *Robinson II* noted the fact appellant had committed multiple crimes of violence is not an aggravating circumstance specifically identified by rule 4.421. We observed the trial court's comment may have simply been a further justification for its second aggravating circumstance finding (crimes reflecting a serious danger to society), it may also have been an explanation of the first aggravating circumstance finding, or it may have been a separate circumstance the trial court believed reasonably related to the circumstances under which the crime was committed such that it was appropriately considered under rule 4.421(c). As it was not clear, we treated the court's statement as an articulation of a sixth aggravating factor. At the resentencing hearing, the trial court did not further clarify this aggravating-circumstance finding, and thus we continue to construe this sentencing factor as one under rule 4.421(c). (*Robinson II, supra*, F082378.)

11.

convictions that involved, as an element of the offense, causing injury to another person. Under *Wiley*, whether a crime is one of violence involves factfinding regarding the circumstances of the crime, and the nature of any injury caused. Such facts go beyond the mere existence of the prior conviction and its elements, which puts the determination outside the scope of the prior conviction exception. (*Wiley, supra*, 17 Cal.5th at pp. 1083–1084.) We accept the Attorney General's concession that appellant was entitled to a jury determination on these factors.

A waiver of the right to a jury trial must be personally expressed by the defendant in open court. (Cal. Const., art. I, § 16.) The waiver must be explicit "'and will not be implied from a defendant's conduct.'" (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166.) Therefore, "a '[d]efendant's failure to object also would not preclude his asserting on appeal that he was denied his constitutional right to a jury trial.'" (*People v. French* (2008) 43 Cal.4th 36, 46.) Here, because appellant did not personally waive his right to a jury trial nor did he admit these sentencing factors, his Sixth Amendment jury trial right was violated.

We also accept the Attorney General's concession this error was prejudicial. "When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman* standard of review." (*Wiley, supra*, 17 Cal.5th at p. 1087; accord, *Lynch, supra*, 16 Cal.5th at p. 760.) "'[A] sentence imposed under … section 1170(b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.'" (*Wiley, supra*, at p. 1087; *Lynch, supra,* at p. 743.)

In this case, the Attorney General contends numerosity of the prior convictions is a comparative and qualitative factor that "make it ""difficult for a reviewing court to

conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court.'"'" (*Wiley, supra*, 17 Cal.5th at p. 1090, quoting *Lynch, supra*, 16 Cal.5th at p. 775.) The court found true appellant suffered six prior felony convictions for purposes of section 1203, subdivision (e)(4),[5] and a certified rap sheet showed appellant had many additional prior misdemeanor convictions. Several of appellant's prior felony and misdemeanor convictions occurred on the same date, suggesting several of these overlapping convictions may have arisen out of the same occurrences. That presents a factual uncertainty about the number and character of appellant's prior conviction history that may influence whether a jury would construe his prior convictions as numerous, leaving it difficult to determine with confidence what a jury would conclude beyond a reasonable doubt. (*People v. Wright, supra*, 113 Cal.App.5th at p. 848 [citing *Erlinger, supra*, 602 U.S. at p. 835 for the proposition that whether convictions arose on separate occasions can require examining many facts, including temporal proximity, geographic propinquity, and whether the purposes and character of the offenses were similar].)

As to whether appellant suffered multiple prior convictions that constitute crimes of violence also hinges on how a jury assesses the nature of the prior convictions. For example, at least two of appellant's prior misdemeanor convictions are for battery or assault offenses (§§ 243, subd. (c) [battery to emergency personnel causing injury in 1997], 273.5, subd. (a) [infliction of corporal injury on a partner in 2010]) that had as an element causing injury to another person. A jury might conclude the character of these prior convictions did not make them violent crimes, depending on the facts of those offenses and whether or what type of injury was caused to a victim. (*Wiley, supra*, 17 Cal.5th at p. 1090 [a factor involving a qualitative or comparative determination makes

---

[5]     We do not consider either the 2010 conviction also found true for purposes of the prior serious felony enhancement under section 667, subdivision (a), nor do we consider the 1992 conviction under section 666, which the trial court could not determine was a felony.

13.

""""it difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court'"""].)[6] As a result, we are constrained to agree the error is prejudicial, and resentencing is required. The prosecution may elect to seek a jury trial on any of the aggravating factors to the extent appellant does not personally waive his jury trial right or admit the factors.

## III. Remaining Sentencing Error Claims

Appellant makes a variety of additional arguments challenging the aggravating circumstance findings supporting the upper term imposed on count 1. Citing the text of section 1170(b)(2) and (3), he argues the first aggravating circumstance (consecutive sentences could have been imposed, but were not) under rule 4.421(a)(7) is predicated on an act of judicial sentencing discretion, not an admission by a defendant or a finding by a jury, for which there is no exception under section 1170(b). Moreover, appellant argues, even if it were still an appropriate sentencing factor under the current determinate sentencing law, its application here is arbitrary and capricious because it results in a lengthier sentence than if no concurrent sentence was imposed.

As noted, appellant characterizes the second and third aggregating factors as a single factor related to the nature of his prior and current convictions as involving acts or threats of violence. Appellant maintains this factor was not established properly because, other than the 2010 conviction under section 422, it was based on a rap sheet rather than a certified record of conviction as required under section 1170(b)(3). Additionally, appellant contends, his current convictions under section 422 and the prior 2010 conviction under section 422 cannot be violated without making a threat of violence, thus

---

[6] Although it does not inform our decision that resentencing is required under *Wiley*, we note that since our decision in *Robinson II*, a panel of the First District Court of Appeal, Division Four, has concluded the catchall residual factor under rule 4.421(c) is a violation of the separation of powers doctrine under the California Constitution. (*Lovelace v. Superior Court* (2025) 108 Cal.App.5th 1081, 1089.)

14.

an element of the current offenses (and one of the prior offenses) was improperly used to impose an aggravated term. Appellant argues this violates well-settled authority holding that a circumstance that is an element of the substantive offense cannot be used as a factor in aggravation. (See *People v. Wilks, supra*, 21 Cal.3d at p. 470 [a circumstance which is an element of the substantive offense cannot be used as a factor in aggravation]; see also rule 4.420(h) ["[a] fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term"].)

Moreover, appellant argues, the 2010 conviction under section 422 was already used to establish the prior serious felony enhancement under section 667, subdivision (a), and considering it again to aggravate the sentence is an impermissible dual use of this conviction under section 1170(b)(5).

Due to the need for resentencing, we do not reach these additional claims of error. We note, however, none of these arguments were raised to the trial court at the 2025 resentencing hearing. "The forfeiture doctrine is a 'well-established procedural principle that, with certain exceptions, an appellate court will not consider claims of error that could have been—but were not—raised in the trial court.'" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Notwithstanding any forfeiture at the 2025 sentencing hearing, however, appellant will have an opportunity to raise these claims upon remand for resentencing so that the trial court may consider them in the first instance. We offer no opinion as to the vitality of any of these claims.

## DISPOSITION

The sentence is vacated, and the matter is remanded for a full resentencing consistent with this opinion.